EASTERN DIS.
May, 1841.

CALDWELL &
HICKEY
vs.
NOLTE ET AL.

## CALDWELL & HICKEY vs. NOLTE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Parties must enforce their rights in courts of justice, according to the forms prescribed by law, or they will fail; however clear are their rights.

So an order on garnishees to pay money into court, obtained *ex parte* and without previous notice, cannot be enforced.

The plaintiffs allege the defendant, Nolte, is indebted to them in a large sum, and has property or effects in the hands of Kirkman, Abernethy & Hanna, and that his residence is out of the State and unknown to them. They pray for an attachment and citation of the garnishees. The latter admitted a balance in their hands due to Nolte of $3883, attached by Lambeth & Thompson.

The Citizens Bank, under certain arrangements between the plaintiffs, Lambeth & Thompson, and other creditors of Nolte, by counsel moved the court and obtained an order, *ex parte*, on the garnishees, to pay the amount in their hands into court, subject to the disposition of the Bank. The garnishees appealed.

*Roselius & Grima* for the Bank and appellees.

*Elwyn*, for the appellant.

*Garland*, J. delivered the opinion of the court.

EASTERN DIS.
May, 1841.

CALDWELL &
HICKEY
*vs.*
NOLTE ET AL.

This suit was commenced by attachment. The garnishees answered under oath, saying they were indebted to Nolte in the sum of $3883 30; and that they had been cited in a suit commenced by Lambeth & Thompson in another court.

Sometime after this answer, the plaintiffs and a number of other creditors of Nolte, made a proposition to the Citizens Bank, which was accepted, by which the Bank was to advance the amount of the various claims against Nolte, and to take all the property and assets attached, to be sold and administered for the general benefit; various stipulations as to liabilities and partition are made, with which we have nothing to do at present. It was also stipulated that all suits pending should be dismissed at the costs of the plaintiffs, but this clause is modified by a subsequent one, which says " all attachments of other property than cotton, shall continue in full force for the benefit of the creditors attaching the same, in case the bills drawn in their favor shall not be paid in full." Some short time after this agreement, the plaintiffs, Lambeth & Thompson and Nolte signed another agreement, in which it is stipulated that the money owing by the garnishees shall be paid over by them to the Citizens Bank to be credited hereafter to such party as shall appear to be entitled to it. Armed with these documents, the counsel for the bank moved the District Court, without notice to the garnishees, for an order that they pay the amount into court, subject to its future order, which was decreed, and the garnishees appealed.

That the garnishees owe the money is admitted on their oath, that those having claims on it have agreed it should be paid to the bank is unquestionable, and that in good faith and honor the garnishees should have paid it over is in our opinion equally undoubted. We regret that the precipitancy of the

counsel for the Bank, prevents us from now compelling these garnishees to pay the amount with interest and damages. But clear as rights may be, parties must enforce them in the manner prescribed by law. No one has a right to go into a court of justice and have an order or judgment rendered against his debtor without notice, to bring the money owing into court on a fixed day, as has been done in this case. The Citizens Bank had a right to sue these garnishees as being vested with the rights of all the parties, or it might have intervened in the case as directed by articles 389 and 390 of the Code of Practice, and the 10th section of the act of 1826, amending the said Code ; Session acts, p. 172. We are bound to reverse the judgment of the District Court, but as we think speedy justice should be dealt out to the appellants, we will in conformity with the powers vested in the court by article 906 of the Code of Practice remand the case to enable the Bank to intervene in the suit, if it chooses or can do so, and obtain the money acknowledged to be due.

The judgment of the District Court is therefore annulled and reversed, and it is further ordered that this case be remanded to the District Court to be proceeded in according to law ; the Citizens Bank paying the costs in this court and the court below.

*Margin notes:* Eastern Dis. May, 1841. COIT & CO. *vs.* CHARBONNET ET AL. Parties must enforce their rights in courts of justice, according to the forms prescribed by law, or they will fail; however clear are their rights. So an order on garnishees to pay money into court, obtained ex parte and without previous notice, cannot be enforced.